IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Anthony M. MARICK, Attorney at Law.

Supreme Court

*No. 96–2368–D. Filed October 21, 1996.*

(Also reported in 554 N.W.2d 204.)

PER CURIAM. We review the stipulation, pursuant to SCR 21.09(3m),[1] concerning the professional misconduct of Anthony M. Marick that occurred while practicing law in Minnesota and for which he was disciplined there. Attorney Marick and the Board of Attorneys Professional Responsibility (Board) stipulated that a nine-month suspension of his license to practice law in Wisconsin would be appropriate discipline to be imposed for that misconduct.

We accept the parties' stipulation and adopt the findings of fact and conclusions of law set forth in it concerning Attorney Marick's professional misconduct and determine that the nine-month license suspension to which the parties have stipulated constitutes appropriate discipline to be imposed in this jurisdiction, as it corresponds to the discipline imposed upon him in Minnesota.

Attorney Marick was admitted to practice law in Wisconsin in September, 1990. He previously has not been the subject of a disciplinary proceeding in Wisconsin. Following his admission to the Minnesota bar in

---

[1] SCR 21.09 provides, in pertinent part:

**Procedure.**

. . .

(3m) The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

October, 1992, he resided and practiced in the Minneapolis area.

In 1996, in a disciplinary proceeding in the Minnesota Supreme Court, Attorney Marick stipulated to the following facts. While employed as an associate in a law firm, Attorney Marick worked on a corporate acquisition on behalf of a client. In the course of that work, he obtained confidential information concerning the client's proposed acquisition of another company. Using that information, he purchased 625 shares of stock in the company to be acquired and subsequently sold that stock for a profit of some $1300. Those dealings were discovered in 1995 during an investigation by the Securities and Exchange Commission, whose investigation had not been completed by the time of the Minnesota disciplinary proceeding and Attorney Marick had not been charged criminally. Attorney Marick informed his law firm of his conduct in August, 1995 and his employment was terminated.

As discipline for that misconduct, the Minnesota disciplinary authorities and Attorney Marick stipulated to a nine-month license suspension. The parties further stipulated to his payment of the costs of that proceeding, his successful completion of the Minnesota professional responsibility examination, and his compliance with the rules and continuing legal education requirements applicable to an attorney whose license is suspended. The Minnesota Supreme Court accepted that stipulation and imposed that discipline.

Attorney Marick's professional misconduct in Minnesota violated the Wisconsin Rules of Professional Conduct for Attorneys. His use of a confidence or secret of a client for his own advantage without the client's

consent after full disclosure violates SCR 20:1.6(a).[2] Moreover, it constituted a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b), and involves dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[3]

IT IS ORDERED that the license of Anthony M. Marick to practice law in Wisconsin is suspended for a period of nine months, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Anthony M. Marick pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Anthony M. Marick to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Anthony M. Marick comply with the provisions of SCR 22.26 concerning

---

[2] SCR 20:1.6 provides, in pertinent part:

**Confidentiality of information**

(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b), (c) and (d).

[3] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

the duties of a person whose license to practice law in Wisconsin has been suspended.